UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| FELIX ESCOBAR, ) | CASE NO. 4:12 CV 1398 |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| UNITED STATES OF AMERICA, et al., ) | AND ORDER |
| Defendants. ) | |

On June 4, 2012, plaintiff *pro se* Felix Escobar, an inmate at the Federal Correctional Institution at Elkton ("Elkton"), filed this action under the Federal Tort Claims Act and *Bivens v. Six Unknown Agents*, 403 U.S. 383 (1971) against the following defendants: United States of America, United States Bureau of Prisons, Elkton Physician Assistant Zeller, Dr. Clifford, and Dr. Molly LaFever. Plaintiff alleges that in January or February 2007, he slipped on ice on a sidewalk at Elkton and hit his head on the sidewalk. He further alleges that, although he received treatment for his injury, as well as x-rays, he continued to have pain. A new set of x-rays were taken, and a chiropractor recommended surgery. It was subsequently determined plaintiff was suffering from Bud Chiari Syndrome, for which he apparently had corrective surgery. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court

concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. V. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Even construing the complaint liberally in a light most favorable to the plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), plaintiff's generalized and vague allegations do not reasonably suggest he might have a valid claim. *See, Lillard v. Shelby County Bd. of Educ*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Further, even had he otherwise set forth a valid claim for relief, it is evident on the face of the complaint and attachments that plaintiff did not file an administrative FTCA claim within two years of accrual of his claim. See 28 U.S.C. § 2401(b).[1] Moreover, any otherwise valid *Bivens* claim would also be time-barred. *See, Friedman v. Estate of Presser*, 929 F.2d 1151, 1158-59 (6th Cir. 1991)(two year statute of limitations for *Bivens* action).

---

[1] A February 10, 2012 letter from the BOP Regional Counsel denying Escobar's claim indicates he did not file a FTCA claim until August 2011, some four and a half years after the accident.

2

Accordingly, this action is dismissed under section 1915A. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/ Donald C. Nugent 10/9/12*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE